# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-381V

|  |  |
|---|---|
| KENNETH ARRINGTON,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: May 29, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Madylan Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 17, 2023, Kenneth Arrington filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza vaccine that was administered to him on October 1, 2021. Petition, ECF No. 1. On January 2, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 46.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 12, 2025, Petitioner filed a motion for attorney's fees and costs, requesting an award of $35,016.24 (representing $32,989.00 in fees plus $2,027.24 in costs). Application for Attorneys' Fees and Costs ("Motion"), ECF No. 52. Petitioner also filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 53.

Respondent reacted to the motion on September 24, 2025, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Response to Motion at 2, ECF No. 54. Although he deferred to my discretion with regard to the appropriate amount of attorney's fees and costs (*id.* at 4), Respondent argued that "a reduction is warranted because petitioner's attorneys took turns reviewing routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney (*id.* at 3). He added that "Special Masters in the Program have frequently reduced Conway, Homer, P.C. attorneys' fees for this particular issue." *Id.*

On October 31, 2025, I granted Petitioner's motion, awarding the full amount requested. ECF No. 55. Six days later, on November 6, 2025, Respondent filed a timely motion for reconsideration pursuant to Vaccine Rule 10(e). ECF No. 56. He requested that I withdraw the Fee Decision because it "overlook[ed the specific objection [he] made to [P]etitioner's award of attorneys' fees." *Id.* at 1.

On November 24, 2025, I granted Respondent's motion and ordered briefing by the parties.[3] ECF No. 57. Reiterating his assertion that Petitioner should not be reimbursed for an attorney's review of routine filings prepared by another attorney, Respondent identified eight billing entries indicative of this ongoing issue. Respondent's Memorandum, filed Dec 23, 2025, at 4, ECF No. 58. In response, Petitioner noted that the identified entries represent only 0.8 hours of the 64.7 hours billed in this case.[4] Petitioner's Memorandum, filed Jan. 6, 2026, at 5-6, ECF No. 59. He also filed a supplemental motions, requesting $4,493.10 for work performed on September 26, 2026, and later. ECF No. 60.

---

[3] Pursuant to Vaccine Rule 10(e), I may not "issue a superseding decision reaching a result different from the original decision without affording the nonmoving party an opportunity to respond to the moving party's arguments." Vaccine Rule 10(e)(3)(ii).

[4] Although Petitioner argued the corresponding percentage equaled 0.01%, it actually is 1.2%.

Facially, this amount of contested time is not significant. And the Homer firm's fee motions are otherwise well-drafted and usually conform to my general guidance. But this issue continues to delay the payment of attorney's fees and costs in vaccine cases involving these particular attorneys. Thus, I instructed the OSM staff attorney overseeing the Attorney's Fees and Costs unit to hold a call with the parties, in order to obtain more detailed information with respect to this contested element of the greater fees request. *See* Minute Entry, dated Jan. 20, 2026 (regarding the January 14, 2026 call).

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

3

**ATTORNEY FEES**

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and are hereby awarded herein.

However, I find several entries where redundant time was billed for the review of status reports, motions for enlargement, and other cursory documents prepared by another attorney. ECF No. 52 at 4-23 (entries dated: 4/12/2024, 7/1/2024, 8/1/2024, 9/16/2024, 11/1/2024, 12/19/2024, 1/9/2025, 6/17/2025). I am aware that it is a common practice for Conway, Homer, P.C., to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys). I also do not generally object to the practice of having tiers of attorneys review the same matter, with more senior and experienced counsel spending less time on a particular item than younger/less experienced counsel.

It is not reasonable, however, to have an attorney bill for time to review *routine* filings (e.g., status reports, joint notices not to seek review, statements of completion, and motions for enlargement of time) when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See*, e.g., *Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020); *Butler v. Sec'y of Health & Hum. Servs.*, No. 21-561, 2025 WL 2091616 (Fed. Cl. Spec. Mstr. June 23. 2025).

Accordingly, Petitioner will not receive fees for redundant efforts. **Application of the foregoing reduces the total amount of fees to be awarded by $283.00.**

I will otherwise reimburse the majority of attorney's fees sought in the supplemental motion, with one final deduction. Given her extensive experience in the Program (as reflected by her significant hourly rate), I will not reimburse the 0.2 hours billed by Ms. Ciampolillo to research the Court's rules and procedures related to responses to motions for reconsideration. ECF No. 60 at 4 (entry dated: 11/17/2025); *see Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr.

4

18, 2016) "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."). **Application of the foregoing reduces the total amount of fees to be awarded by $107.40.**[5]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. Motion, Tab B at 24-39. Thus, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $39,118.94 (representing $37,091.70 in fees plus $2,027.24 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] I will allow reimbursement other entries, such as the 0.8 hours expended by Mr. Enos to research the Homer firm's past fee decisions because the time expended for any prior review was likely not reimbursed in other vaccine cases. See ECF No. 60 at 5 (entry dated: 1/6/2026). However, I expect the Homer firm's future fee motions to confirm to my guidance provided in this and prior fee decisions.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.